IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DI WANG and YUAN YUAN,            )
                                  )
            Plaintiffs,            )
                                  )
      v.                          )      1:14cv566
                                  )
WOW BROWS, WOW BROWS              )
FRANCHISING, LLC, WILLIAM         )
KAUFELD and LUCY KAUFELD,         )
                                  )
            Defendants.            )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Plaintiffs Di Wang and Yuan Yuan bring this action under the Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C. §§ 201 et seq., as well as various theories of state law liability. Defendants WOW Brows, WOW Brows Franchising, LLC, William Kaufeld, and Lucy Kaufeld move to dismiss the complaint's first and second causes of action for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and also move to dismiss the complaint's first cause of action for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] (Doc. 6.) For the reasons set forth below, Defendants' motion to dismiss Plaintiffs' claims as to William Kaufeld and Lucy Kaufeld is

---

[1] Defendants assert that the entity employing Plaintiffs is in fact "Beautiful Eyebrows NC, LLC" and only does business as WOW Brows. (See Doc. 7 at 1 n.1.) Defendants further contend that WOW Brows Franchising, LLC is "a separate legal entity" and "not involved in employing Plaintiffs." (Id.)

granted as to the first cause of action and, absent the timely filing of an amended claim, will be granted as to the second cause of action.

**I.　BACKGROUND**

The facts, viewed in the light most favorable to Plaintiffs, are as follows:

From 2011 until some unspecified time, Plaintiffs worked for WOW Brows, a North Carolina corporation, and WOW Brows Franchising, LLC, a North Carolina limited liability corporation (collectively "Corporate Defendants"). (Compl. ¶¶ 2-3, 6.) Defendants William and Lucy Kaufeld were employees of Corporate Defendants and in regular contact with Plaintiffs. (Id. ¶¶ 4-7.) Plaintiffs allege, on information and belief, that the Kaufelds "were owners and/or general managers of the [C]orporate Defendants' operations." (Id. ¶¶ 7, 10.)

According to Plaintiffs, the Kaufelds subjected them to various forms of sexual harassment, including the making of sexual comments, use of cameras in Plaintiffs' dressing areas at work, viewing of images from those cameras, and "inappropriate physical contact." (Id. ¶ 8.) Defendants also used images of the Plaintiffs without their permission. (Id.) After opposing the above conduct, Plaintiffs faced an "increasingly hostile and retaliatory" work environment, which included "unreasonable work directions," and "excessive scrutiny of the quality of their

2

work." (Id. ¶ 9.) Plaintiffs reported the conduct to their unnamed "manager." (Id. ¶ 12.) Because of the Kaufelds' relative "positions with Corporate Defendants," however, Plaintiffs could turn to no "higher authority" to report this conduct. (Id. ¶ 9) Eventually, Corporate Defendants terminated Plaintiffs. (Id.)

Plaintiffs originally filed their complaint in Guilford County Superior Court alleging six causes of action: (1) sexual harassment; (2) intentional/negligent infliction emotional distress; (3) slander and defamation; (4) personal injury; (5) a violation of the FLSA for unpaid wages; and (6) negligent retention. (Doc. 2.) Defendants removed the case to this court on July 7, 2014, pursuant to 28 U.S.C. § 1441(a), based on federal-question jurisdiction. (Doc. 1 ¶ 1.) After removal, Defendants moved to dismiss Plaintiffs' sexual harassment claim (first cause of action) for lack of subject-matter jurisdiction and for failure to state a claim; and Plaintiffs' intentional/negligent infliction of emotional distress claim (second cause of action) for failure to state a claim. (Doc. 6 ¶¶ 1-3.) Plaintiffs have responded (Docs. 9, 10), and Defendants have replied (Doc. 11). The motion is now ready for consideration.

**II. ANALYSIS**

    **A. Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A Rule 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted).

**B.  Sexual Harassment Claim**

Plaintiffs allege that Defendants' sexual harassment, hostile work environment, and wrongful discharge of Plaintiffs "violates the public policy of the State of North Carolina as codified in N.C.G.S. § 143-422.1 et. seq."[2]  (Compl. ¶ 15.)

---

[2] Defendants' Rule 12(b)(1) argument rests on their contention that this court lacks subject-matter jurisdiction over Plaintiffs' Title VII claim for sex discrimination because Plaintiffs failed to exhaust their administrative remedies. (Doc. 7 at 3-6 (referencing Compl. ¶ 15).) Plaintiffs respond that their complaint does not allege a Title VII claim and that the citation to Title VII in their complaint was "simply illustrative." (Doc. 9 ¶ 1; see also Doc. 10 at 2

4

Defendants respond that Plaintiffs' allegations fail to state a claim for wrongful discharge under North Carolina law against the Kaufelds. Specifically, Defendants argue that Plaintiffs fail to sufficiently allege that the Kaufelds are their "employers" under § 143-422.2, also known as North Carolina's Equal Employment Practices Act (NCEEPA). (Doc. 7 at 6–7.) Plaintiffs contend that Corporate Defendants employed them but that the Kaufelds created a corporate alter ego through their potential ownership interest in Corporate Defendants. (Compl. ¶¶ 6–7; Doc. 10 at 3.)

As a preliminary matter, no private cause of action exists for claims of sexual harassment and hostile work environment under NCEEPA. See Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000) (no private cause of action under NCEEPA for sexual harassment); Johnson v. North Carolina, 905 F. Supp. 2d 712, 726 (W.D.N.C. 2012) (no private cause of action under NCEEPA for hostile work environment); DeWitt v. Mecklenburg Cnty., 73 F. Supp. 2d 589, 604 (W.D.N.C. 1999) (same); Graham v. Hardee's Food Systems, Inc., 465 S.E.2d 558, 560 (N.C. 1996) (observing that North Carolina has yet to adopt a hostile work environment constructive wrongful discharge claim).

---

(conceding that Plaintiffs are not alleging a Title VII claim).) Plaintiffs therefore have disavowed any Title VII claim under this cause of action, and the court need not consider Defendants' subject-matter jurisdiction argument.

5

NCEEPA does permit a claim of wrongful discharge. See McLean v. Patten Cmty., Inc., 332 F.3d 714, 720-21 (4th Cir. 2003). Wrongful discharge claims pursuant to NCEEPA must be brought against employers, not supervisors or employees. See Cox v. Indian Head Indus., Inc., 187 F.R.D. 531, 535-36 (W.D.N.C. 1999); Chung v. BNR, Inc./N. Telecom, Inc., 16 F. Supp. 2d 632, 634 (E.D.N.C. 1997); Lorbacher v. Housing Authority, 493 S.E.2d 74, 79 (N.C. Ct. App. 1997).

Here, Plaintiffs simply allege that the Kaufelds "may" be partial owners of Corporate Defendants – a corporation and LLC. (Compl. ¶¶ 2-3, 7, 10.) While Plaintiffs contend that their claim survives under a corporate alter ego theory, Plaintiffs offer no factual allegations to support that claim. The complaint does not allege that Corporate Defendants were undercapitalized, or that the Kaufelds co-mingled assets with Corporate Defendants, or that the Kaufelds controlled Corporate Defendants in any way, or any other fact weighing in favor of piercing Defendants' corporate form. See DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681, 685 (4th Cir. 1976) (listing factors relevant to support veil-piercing); see also Green v. Freeman, 749 S.E.2d 262, 270 (N.C. 2013) (same). Plaintiffs only allege that Corporate Defendants employed them, offering no indication that the Kaufelds were also their employers. (See Compl. ¶ 6.)

6

Plaintiffs' allegations of an ownership interest, without more, fail to subject the Kaufelds to liability under NCEEPA. See Burnette v. Austin Med., Inc., No. 1:11CV52, 2011 WL 1769445, at *5-6 & n.1 (W.D.N.C. Apr. 14, 2011) (requiring that complaint plead "sufficient factual allegations" to support piercing the corporate veil against sole owner and noting even "[s]ubstantial ownership of a corporation by one individual is not sufficient to pierce the corporate veil"), report and recommendation adopted, No. 1:11CV52, 2011 WL 1754166 (W.D.N.C. May 9, 2011); cf. Alexander v. Diversified Ace Servs. II, AJV, No. 1:11CV725, 2014 WL 502496, at *7, *20 (M.D.N.C. Feb. 7, 2014) (holding that specific allegations of ownership "coupled with" other factual allegations sufficient to state claim under NCEEPA). Therefore, Defendants' motion to dismiss Plaintiffs' first cause of action as against the Kaufelds will be granted.

**C. Intentional/Negligent Infliction of Emotional Distress Claim**

Plaintiffs also bring a claim of "intentional and/or negligent infliction of emotional distress." (Doc. ¶ 19.) They allege that "Defendants'" conduct was either intentional or recklessly indifferent and that Corporate Defendants were negligent in the training and retention of the Kaufelds. (Doc. 3 at ¶¶ 17-18.) Defendants counter that Plaintiffs' complaint fails to state a claim because it lacks allegations that

7

Plaintiffs suffered "severe emotional distress" as required under North Carolina law for both the intentional and negligent infliction of emotional distress torts. (Doc. 7 at 7-8.) In response, Plaintiffs ask that this court "take judicial notice of the likely emotional effects" of the alleged conduct and, alternatively, request leave to amend their complaint. (Doc. 10 at 4.)

To state a claim for either intentional or negligent infliction of emotional distress, a complaint must allege "severe emotional distress." See Dickens v. Puryear, 276 S.E.2d 325, 335 (1981) (holding the intentional infliction of emotional distress requires "severe emotional distress to another"); Sorrells v. M.Y.B. Hospitality Ventures of Asheville, 435 S.E.2d 320, 321-22 (N.C. 1993) (stating negligent infliction of emotional distress requires "severe emotional distress"). Plaintiffs' complaint fails to make any allegation of emotional distress, let alone *severe* emotional distress. This deficiency renders Plaintiffs' claim subject to dismissal. See Horne v. Cumberland Cnty. Hosp. Sys., Inc., 746 S.E.2d 13, 19-20 (N.C. Ct. App. 2013) (dismissing negligent infliction of emotional distress claim for failing to allege severe emotional distress); Holleman v. Aiken, 668 S.E.2d 579, 590 (N.C. Ct. App. 2008) (dismissing intentional infliction of emotional distress claim for failing to allege severe emotional distress).

To avoid dismissal, Plaintiffs seek leave to amend their complaint. Plaintiffs may only amend their complaint with the opposing party's written consent or the court's leave. See Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." Id.

Because this deficiency is curable through amendment, which Plaintiffs request, and in light of the existing factual allegations of the complaint, the court will allow Plaintiffs to amend their claim of intentional/negligent infliction of emotional distress. See Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 409 (4th Cir. 2013) (stating that leave to amend should be denied only when amendment would be prejudicial, in bad faith, or futile). Plaintiffs are cautioned that conclusory pleadings are "not entitled to the assumption of truth," Iqbal, 556 U.S. at 679, and mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiffs' failure to timely file an amended complaint curing this defect, moreover, will result in dismissal of the second cause of action without prejudice and without further notice.

**III. CONCLUSION**

For the reasons stated,

9

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 6) as to the first cause of action pursuant to Rule 12(b)(6) is GRANTED as to William Kaufeld and Lucy Kaufeld and pursuant to Rule 12(b)(1) is DENIED as moot as to the remaining Defendants; and conditionally DENIED as to the second cause of action. Plaintiffs shall have twenty days from the date of this Order to file an amended complaint as to their second cause of action which cures the defects noted herein. Plaintiffs' failure to timely file an amended complaint will render the complaint's second cause of action subject to dismissal without prejudice and without further notice.

/s/   Thomas D. Schroeder
United States District Judge

November 7, 2014