IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DI WANG and YUAN YUAN,            )
                                  )
         Plaintiffs,              )
                                  )
     v.                           )     1:14cv566
                                  )
WOW BROWS, WOW BROWS              )
FRANCHISING, LLC, WILLIAM         )
KAUFELD and LUCY KAUFELD,         )
                                  )
         Defendants.              )

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

Plaintiffs Di Wang and Yuan Yuan bring this action under the Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C. §§ 201 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and various theories of state law liability. Defendants WOW Brows, WOW Brows Franchising, LLC, William Kaufeld, and Lucy Kaufeld move to dismiss the amended complaint's second cause of action for "intentional and/or negligent infliction of emotional distress" on the grounds it fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 16.) For the reasons set forth below, Defendants' motion will be denied.

---

[1] Defendants assert that the entity employing Plaintiffs is in fact "Beautiful Eyebrows NC, LLC" and only does business as WOW Brows. (See Doc. 7 at 1 n.1.) Defendants further contend that WOW Brows Franchising, LLC is "a separate legal entity" and "not involved in employing Plaintiffs." (Id.) Defendants provide no grounds — independent of those

**I.   BACKGROUND**

The facts, viewed in the light most favorable to Plaintiffs, are as follows:

From 2011 until some unspecified time, Plaintiffs worked for WOW Brows, a North Carolina corporation, and WOW Brows Franchising, LLC, a North Carolina limited liability corporation (collectively "Corporate Defendants"). (Doc. 15 ¶¶ 2-3, 6.) Defendants William and Lucy Kaufeld were employees of Corporate Defendants and in regular contact with Plaintiffs. (Id. ¶¶ 4-7.) Plaintiffs allege, on information and belief, that the Kaufelds "were owners and/or general managers of the [C]orporate Defendants' operations." (Id. ¶¶ 7, 10.)

According to Plaintiffs, the Kaufelds subjected them to various forms of sexual harassment, including sexual comments, use of cameras in Plaintiffs' dressing areas at work, viewing of images from those cameras, and "inappropriate physical contact." (Id. ¶ 8.) Defendants also "regularly chastised" Plaintiffs for their appearance. (Id. ¶¶ 20-21.) Defendants further used images of the Plaintiffs without their permission. (Id. ¶ 8.) After opposing the above conduct, Plaintiffs faced an "increasingly hostile and retaliatory" work environment, which included "unreasonable work directions," and "excessive scrutiny of the

---

discussed below — for dismissing the claims against WOW Brows Franchising.

2

quality of their work." (Id. ¶ 9.) Plaintiffs reported the conduct to their unnamed "manager." (Id. ¶ 12.) Because of the Kaufelds' relative "positions with Corporate Defendants," however, Plaintiffs could turn to no "higher authority" to report this conduct. (Id. ¶ 9.) Eventually, Corporate Defendants terminated Plaintiffs. (Id.)

Because of the above conduct, Plaintiffs allege they experienced "a constant sense of fear and apprehension while working and many sleepless nights in anticipation of harassment the next business day." (Id. ¶¶ 20-21.) Plaintiffs also allege that they "have suffered a severe reduction in their self-esteem, ongoing depression, and ongoing anxiety" and experienced "severe trust issues with men and other managers at new employment opportunities." (Id. ¶ 22.)

Plaintiffs originally filed their complaint in Guilford County Superior Court, alleging six causes of action: (1) sexual harassment; (2) intentional and/or negligent infliction of emotional distress; (3) slander and defamation; (4) personal injury; (5) a violation of the FLSA for unpaid wages; and (6) negligent retention. (Doc. 2.) Defendants removed the case to this court on July 7, 2014, pursuant to 28 U.S.C. § 1441(a), based on federal-question jurisdiction. (Doc. 1 ¶ 1.) After removal, Defendants moved to dismiss Plaintiffs' sexual harassment claim (first cause of action) for lack of subject-matter jurisdiction

3

and for failure to state a claim; and Plaintiffs' "intentional and/or negligent infliction of emotional distress" claim (second cause of action) for failure to state a claim. (Doc. 6 ¶¶ 1-3.) After reviewing the parties' submissions, the court dismissed Plaintiffs' first cause of action for failure to state a claim but granted Plaintiffs leave to amend their second cause of action. (Doc. 12.)

Thereafter, Plaintiffs filed an amended complaint, providing additional allegations concerning their second cause of action.[2] (Doc. 15.) Defendants renewed their motion to dismiss that claim for failure to state a claim. (Doc. 16.) Plaintiffs have responded (Docs. 19-20), and Defendants have replied (Doc. 22). The motion is now ready for consideration.

**II. ANALYSIS**

 **A. Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain

---

[2] Plaintiffs' amended complaint appears to allege again its sexual harassment claim (first cause of action) against the Kaufelds. (Doc. 15 ¶¶ 6-15.) This court's previous Order (Doc. 12) dismissed that claim and specifically granted Plaintiffs leave to amend only "as to their second cause of action which cures the defects noted herein." (Id. at 10.) To the extent Plaintiffs' amended complaint reasserts its sexual harassment claim against the Kaufelds, it is in violation of this court's Order, and the sexual harassment claim is struck for being previously dismissed.

4

sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Conclusory pleadings are "not entitled to the assumption of truth," id. at 679, and mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A Rule 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted).

### B. "Intentional and/or Negligent Infliction of Emotional Distress" Claim

Plaintiffs bring a claim of "intentional and/or negligent infliction of emotional distress." (Doc. 15 ¶ 19.) They allege that Defendants' conduct was either intentional or recklessly indifferent and that Corporate Defendants were negligent in the training and retention of the Kaufelds. (Id. ¶¶ 17–18.) Following amendment of their complaint, Plaintiffs now allege that Defendants' conduct caused "a constant sense of fear and

5

apprehension while working and many sleepless nights in anticipation of harassment the next business day"; "a severe reduction in their self-esteem, ongoing depression, and ongoing anxiety"; and "severe trust issues with men and other managers at new employment opportunities." (Id. ¶¶ 20-22.) Defendants contend that, even after amendment, Plaintiffs' complaint fails to state a claim because it lacks allegations that Plaintiffs suffered "severe emotional distress" as required under North Carolina law for both the intentional and negligent infliction of emotional distress torts. (Doc. 17 at 3-8.)

To state a claim for either intentional or negligent infliction of emotional distress, a complaint must allege "severe emotional distress." See Sorrells v. M.Y.B. Hospitality Ventures of Asheville, 435 S.E.2d 320, 321-22 (N.C. 1993) (stating negligent infliction of emotional distress requires "severe emotional distress"); Dickens v. Puryear, 276 S.E.2d 325, 335 (N.C. 1981) (holding the intentional infliction of emotional distress requires "severe emotional distress to another"). North Carolina law defines "severe emotional distress" as "any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so." Johnson v. Ruark

6

Obstetrics & Gynecology Assocs., P.A., 395 S.E.2d 85, 97 (N.C. 1990).

Plaintiffs' amended complaint sufficiently alleges "severe emotional distress" to avoid dismissal at this stage of the litigation.³ Specifically, Plaintiffs' allegations of "sleepless nights," "depression" causing "severe trust issues with men and other managers," "anxiety," and "fear and apprehension" plausibly assert severe emotional distress. See Owens v. Dixie Motor Co., No. 5:12-CV-389-FL, 2013 WL 3490395, at *4 (E.D.N.C. July 11, 2013) ("Where plaintiffs allege fear, anxiety, depression, neurosis, phobia and paranoia as a result of defendants' conduct, plaintiffs state sufficient facts to show 'severe emotional distress' under North Carolina law."); Maisha v. Univ. of N.C., No. 1:12-CV-371, 2013 WL 1232947, at *8 (M.D.N.C. Mar. 27, 2013) (finding claims of "extreme anxiety, sleeplessness, and undue worry" sufficient to allege severe emotional distress); cf. Reaves v. JP Morgan Chase Bank, N.A., No. 1:13CV192, 2014 WL 6810771, at *5 n.2 (M.D.N.C. Dec. 2, 2014) (observing that "North Carolina courts require more specific allegations to establish a severe and disabling emotional or mental condition" than statement that plaintiff suffered "severe emotional distress and mental anguish"), report and

---

³ Defendants largely cite cases supporting dismissal of similar claims on a motion for a directed verdict or summary judgment. (See, e.g., Doc. 17 at 6 (citing Fox-Kirk v. Hannon, 542 S.E.2d 346 (N.C. App. 2001)).)

7

recommendation adopted sub nom. Reaves v. JPMorgan Chase Bank, N.A., No. 1:13CV192, 2015 WL 687083 (M.D.N.C. Feb. 18, 2015); Moses v. Am. Red Cross, No. 7:12-CV-306-BO, 2013 WL 2948155, at *2 (E.D.N.C. June 14, 2013) (holding that mere assertion of "severe emotional distress" merited Rule 12(b)(6) dismissal), aff'd sub nom. Moses v. Am. Red Cross, 542 F. App'x 295 (4th Cir. 2013). Defendants' motion will therefore be denied.

**III. CONCLUSION**

For the reasons stated,

IT IS THEREFORE ORDERED that Defendants' motion to dismiss Plaintiff's second cause of action (Doc. 16) is DENIED.

      /s/   Thomas D. Schroeder
    United States District Judge

June 11, 2015